IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01200-RBJ-BNB

KENNETH DLIN,

Plaintiff,

v.

GMAC MORTGAGE, LLC,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **Motion for Summary Judgment of Defendant GMAC Mortgage, LLC** [Doc. #46, filed 08/25/2011] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of

pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine

issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The moving party

may carry its initial burden either by producing affirmative evidence negating an essential

element of the nonmoving party's claim, or by showing that the nonmoving party does not have

enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties,

Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate

evidence of specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at

324.  Only admissible evidence may be considered when ruling on a motion for summary

judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.   UNDISPUTED MATERIAL FACTS[1]

1.   On June 26, 2003, Kenneth Dlin and Susan R. Dlin, executed a quitclaim deed

vesting title to the real property described as 3431 Welch Avenue, Kittredge, CO, 80457 (the

"Property") in the plaintiff, Kenneth Dlin.  *Motion*, Ex. 1.

---

[1]The defendant's Motion sets forth a Statement of Undisputed Facts, which is supported by evidence.  The plaintiff disputes the defendant's facts.  However, he did not submit any competent evidence to create a material fact dispute.

2.   On February 20, 2004, the plaintiff executed an Adjustable Rate Note in favor of Greenpoint Mortgage Funding, Inc., in the principal amount of $633,000.00 (the "Note"). Id. at Ex. 2.

3.   The Note was secured by a deed of trust encumbering the Property (the "Deed of Trust"). The Deed of Trust was recorded on March 1, 2004, at Reception No. F1973637 in the real property records of Jefferson County, Colorado. Id. at Ex. 3.

4.   On April 1, 2009, the plaintiff entered into an Adjustable Rate Loan Modification with GMAC which amended and supplemented the Note and Deed of Trust. Id. at Ex. 4.

5.   On January 13, 2010, GMAC commenced a foreclosure action against the Property by filing a Notice of Election and Demand for Sale with the Jefferson County Public Trustee. The Jefferson County Public Trustee identified the foreclosure as Sale No. J1000226. Id. at Ex 5.   6.   On March 26, 2010, GMAC filed a Verified Motion for Order Authorizing Sale in the District Court of Jefferson County pursuant to C.R.C.P. 120 in Case No. 2010CV1486 (the "Motion for Order"). Id. at Ex. 6.

7.   On April 12, 2010, the plaintiff filed a response to the Motion for Order alleging lack of standing, violation of RESPA, violations of TILA, and violations of the Colorado Consumer Protection Act. Id. at Ex. 7.

8.   On May 24, 2010, the plaintiff filed an amended response to the Motion for Order. The amended response asserts that GMAC failed to produce the original Note and, as a result of designating the Mortgage Electronic Registration Systems ("MERS") as nominee pursuant to the Deed of Trust, GMAC was not the holder in due course. Id. at Ex. 8.

9.   Also on May 24, 2010, the plaintiff filed his Complaint in this court.  The Complaint is substantially the same as the amended response in the state action.  Id. at Ex. 10.

10.   On May 27, 2010, a hearing was held pursuant to Rule 120, Colo.R.Civ.P., in the state case (Jefferson County District Court Case No. 2010CV1486).  After the hearing, the state court granted an Order Authorizing Sale, finding that GMAC was the holder of the Note and Deed of Trust, and that plaintiff was in default on his obligation thereunder.  Id. at Ex. 11.

11.   On July 28, 2010, the foreclosure sale of the Property was held by the Jefferson County Public Trustee, and a Certificate of Purchase was issued to GMAC as the successful purchaser at the sale with a bid of $477,000.00.  Id. at Ex. 13.

12.   On August 19, 2010, GMAC filed a Return of Sale in Jefferson County District Court Case No. 2010CV1486.  Id. at Ex. 14.  The state court issued an Order Approving Sale on August 23, 2010.  Id. at Ex. 15.

13.   On August 27, 2010, the Jefferson County Public Trustee issued a Confirmation Deed identifying GMAC as the current owner of the Property.  Id. at Ex. 16.

The plaintiff filed "Plaintiffs Complaint for Fraudulent Foreclosure and Slander of Title" on May 24, 2010 [Doc. #1] (the "Complaint").  The plaintiff alleges that the defendant did not

have standing to foreclose on the Property.[2]  He seeks an order dismissing the state case and

"damages as the Court so deems." *Complaint*, p. 6.

### III.  ANALYSIS

The defendant asserts that the Complaint is barred by the <u>Rooker-Feldman</u> doctrine, or in

the alternative, the rule of <u>Younger v. Harris</u>, 401 U.S. 37 (1971). *Motion*, pp. 5-8.

The <u>Rooker-Feldman</u> doctrine "operates as a subject-matter jurisdictional bar that may be

raised at any time." <u>Guttman v. Khalsa</u>, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005).  The doctrine

is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can

be obtained only in the United States Supreme Court.  <u>Exxon Mobil Corp. v. Saudi Basic Indus.</u>

<u>Corp.</u> 544 U.S. 280, 291 (2005).  The <u>Rooker-Feldman</u> doctrine prohibits a United States district

court from considering claims that have been adjudicated in state court and claims that are

inextricably intertwined with the prior state-court judgment.  <u>Guttman v. G.T.S. Khalsa</u>, 446

F.3d 1027, 1173 (10th Cir. 2006).  The doctrine "applies only to suits filed after state proceedings

are final."  <u>Id.</u> at 1032.

An understanding of the Colorado real estate foreclosure process is necessary prior to

addressing the plaintiff's claim.  The court in <u>Beeler Properties, LLC v. Lowe Enterprises</u>

---

[2]Although the Complaint is titled "Plaintiffs Complaint for Fraudulent Foreclosure and Slander of Title," the Complaint does not allege a claim for slander of title, and the plaintiff does not address a claim for slander of title in his response to the defendant's Motion. *Complaint*, ¶ 15.  Any claims other than the "fraudulent foreclosure" claim which the plaintiff may be attempting to assert are unintelligible and will not be recognized.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

Residential Investors, LLC, 2007 WL 1346591 (D. Colo. May 7, 2007), set forth a summary of

the process:

> In Colorado, consensual liens against real property are created by
> recordation of a deed of trust granted by the lender to the public
> trustee of the county where the property is situate.  Foreclosure of
> such liens is a hybrid process governed by statute.  The process
> involves issuance of orders by the state district court authorizing
> and confirming the sale.  C.R.C.P. 120; § 38-38-105, C.R.S.
> However, the process of conducting the sale and the parties' rights
> in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder
> of the note may direct the public trustee to sell the property at a
> foreclosure sale.  § 38-38-101(1), C.R.S.  The lender must also
> seek an order from the state district court authorizing the sale
> under Rule 120.  Once a sale is authorized, the public trustee
> advertises and conducts the sale. § 38-38-101(4), C.R.S.  The
> property is sold to the highest bidder who receives a Certificate of
> Purchase.  Often, the purchaser is the holder of the deed of trust
> who bids all or part of the debt owed by the borrower.
>
> FN3.  The Rule 120 procedure requires notice and gives the
> borrower an opportunity to object to the sale.  Under Rule 120(a),
> the holder of the note files a verified motion in the state court
> requesting an order authorizing the sale of the property.  The clerk
> of the court then sets a hearing "not less than 20 nor more than 30
> days after the filing of the motion[.]" C.R.C.P. 120(a).  Interested
> persons who oppose the motion have an opportunity to respond.
> C.R.C.P. 120(c).  After hearing, the court must "summarily" either
> grant or deny the motion.  C.R.C.P. 120(d).  If the court authorizes
> the foreclosure sale, it also "shall require a return of such sale to be
> made to the court, and if it appears therefrom that such sale was
> conducted in conformity with the order authorizing the sale, the
> court shall thereupon enter an order approving the sale."  C.R.C.P.
> 120(g).
>
> Prior to sale, the borrower may cure the default.  After sale, the
> borrower and any junior lienholders may redeem the title to the
> property by paying, to the holder of the Certificate of Purchase, the
> sum for which the property was sold with interest from the date of
> sale, together with any taxes paid or other proper charges.  See §
> 38-38-101 to § 38-38-103, C.R.S.  Redemption thus annuls the

sale.  If the redemption period passes, the holder of the Certificate
of Purchase may seek an order confirming the sale and obtain a
Trustee's Deed.

FN4.  The time for redemption depends upon the nature of the
property.  § 3838302, C.R.S.

Rule 120(d) expressly provides that an order authorizing the sale
of property is not "an appealable order or judgment."  However, a
party may seek injunctive or other relief in any court of competent
jurisdiction.  Id.

Id. at *2.

In Beeler, the court noted that "[g]iven the nature of the Colorado foreclosure process, it

is difficult to determine" when the state proceedings are final.  Id. at *2-*3.  "It could be at the

time of the sale, expiration of the redemption periods, upon issuance of an order confirming the

sale, or upon issuance of a Trustee's Deed."  Id. at *3.

The plaintiff initiated this action on May 24, 2010.  The foreclosure sale of the Property

was held by the Jefferson County Public Trustee on July 28, 2010.  Thus, at the time the plaintiff

filed his Complaint in this action, the state foreclosure action was not final under any

interpretation of the Colorado foreclosure process.  Therefore, the Rooker-Feldman doctrine

does not apply to this case.  Exxon, 544 U.S. at 292 (stating that "[w]hen there is parallel state

and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state

court" although "[c]omity or abstention doctrines may" apply).

Regardless, this court cannot reach the plaintiff's request to set aside the foreclosure.  At

the time the defendant's Motion for Summary Judgment in this action was briefed, GMAC had

pending in the Jefferson County Court an action for forcible entry and unlawful detainer against

the plaintiff.  *Motion*, Exs. 17, 18.  In his answer to GMAC's state complaint, the plaintiff argues

that GMAC wrongfully foreclosed on the Property, id. at Ex. 17, p. 26, and that "[d]ue directly to

the conduct of [GMAC], it calls into question the proper and just possession of the property and

the matter should be adjudicated accordingly." Id. at Ex. 17, p. 10, ¶ 18.  It is unclear on the

record before me whether the state court will address, or has addressed, the plaintiff's challenges

to the foreclosure.  Therefore, it is unclear whether the foreclosure action is final or whether it is

still being considered by the state court in the action for forcible entry and unlawful detainer.

If the plaintiff's foreclosure action became final during this federal action, then

preclusion law would govern the disposition of this action.  Exxon, 544 U.S. at 292-92 (stating

that comity or abstention doctrines may be applicable when there is parallel ongoing state and

federal litigation, but preclusion law governs once the state-court adjudication becomes

complete).  Federal courts must give full faith and credit to state court judgments.  28 U.S.C.

§ 1738 (2000); Pittsburgh County v. City of McAlester, 346 F.3d 1260, 1276 (10th Cir. 2003).

The preclusive effect of a state-court decision is governed by the preclusion law of the

state in which the judgment was rendered.  Nichols v. Board of County Comm'rs, 506 F.3d 962,

967 (10th Cir. 2007).   Under Colorado law, "[c]laim preclusion works to preclude the

relitigation of matters that have already been decided as well as matters that could have been

raised in a prior proceeding but were not."  Argus Real Estate, Inc. v. E-470 Pub. Highway

Auth., 109 P.3d 604, 608 (Colo. 2005).  For claim preclusion to apply, the following elements

must exist: "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims

for relief, and (4) identity or privity between parties to the actions."  Id.  With regard to the first

element, I assume for purposes of this analysis that the foreclosure action became final while this

case was pending.  Because this action (a) involves the same loan, deed of trust, and property as

the state action; (b) seeks dismissal of the state foreclosure action; and (c) involves the same

parties, the remaining elements are met.  Therefore, to the extent the state foreclosure action

became final while this action was pending, claim preclusion bars the plaintiff from relitigating

the foreclosure action in this court.[3]

If finality of the state foreclosure adjudication has not yet occurred, this court must

abstain under the rule of Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention provides as

follows:

> Under the Younger abstention doctrine, federal courts should not
> interfere with state court proceedings by granting equitable relief--
> such as injunctions of important state proceedings or declaratory
> judgments regarding constitutional issues in those proceedings--
> when a state forum provides an adequate avenue for relief.
> Younger abstention is non-discretionary; the district court must
> abstain once the conditions are met, absent extraordinary
> circumstances.  As [the] court stated in Amanatullah [v. State Bd.
> Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> A federal court must abstain from exercising jurisdiction when:
> (1) there is an ongoing state criminal, civil, or administrative
> proceeding, (2) the state court provides an adequate forum to hear
> the claims raised in the federal complaint, and (3) the state
> proceedings "involve important state interests, matters which
> traditionally look to state law for their resolution or implicate
> separately articulated state policies.

Weitzel v. Div. Of Occupational and Professional Licensing, 240 F.3d 871, 875 (10th Cir.

2001)(internal citations omitted).

---

[3]I am aware that claim preclusion is an affirmative defense.  Fed.R.Civ.P. 8(c).  The
defendant did not assert preclusion in its Motion.  However, because I cannot determine when a
Colorado foreclosure action is final for purposes of the defendant's argument, in the interests of
thoroughness and judicial economy, I address all possible points of finality and apply the
appropriate analysis for each.

I agree with and adopt the court's conclusion in <u>Beeler</u> that "[a]ctions that challenge the

Rule 120 order and process are proceedings involving important state interests concerning title to

real property located and determined by operation of state law." <u>Beeler</u>, 2007 WL 1346591 at

\*1.  <u>See</u> <u>also</u> <u>Memphis Street, LLC v. Lowe Enterprise Residential Investors, LLC</u>, 2007 WL

1456067 (D. Colo. May 15, 2007).

Thus, regardless of whether the state foreclosure process reached finality during the

pendency of this action or whether it has not reached finality, the plaintiff cannot seek to set

aside the foreclosure in this court.

## IV.   CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that summary

judgment enter in favor of the defendant.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and

file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas</u>

<u>v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of</u>

<u>Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 11, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge