IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-1200-RBJ-BNB

KENNETH DLIN,

    Plaintiff,

v.

GMAC MORTGAGE, LLC,

    Defendant.

## ORDER

This matter is before the Court on defendant GMAC Mortgage, LLC ("GMAC")'s Motion for Summary Judgment [#46]. On January 11, 2012, Magistrate Judge Boland issued a Report and Recommendation, recommending that the motion be granted [#55]. On January 24, 2012 Mr. Dlin, proceeding *pro se*, filed a timely objection to the Magistrate Judge's recommendation [#56].

**Facts**

This case arises out of the now all-too-common event of a home foreclosure. The property at issue is located at 3431 Welch Avenue in Kittredge, Colorado 80457. The history of the ownership of the property is as follows: Kenneth Dlin and Susan Dlin executed a quitclaim deed on June 25, 2003 vesting title to the real property in Kenneth Dlin. [#46-1]. Mr. Dlin signed an Adjustable Rate Note ("Note") on February 28, 2004, promising to pay the lender, GreenPoint Mortgage Funding, Inc., $633,000. [#46-2]. The Note was secured by a Deed of Trust, which was recorded in Jefferson County on March 1, 2004 at Reception No. F1973637.

1

[#46-3]. The Note and Deed of Trust were amended and supplemented by an Adjustable Rate Loan Modification that Mr. Dlin entered into with GMAC on April 1, 2009. [#46-4].

The loan modification apparently did not enable Mr. Dlin to maintain his monthly payments. On January 13, 2010 GMAC filed a Notice of Election and Demand for Sale with the Jefferson County Public Trustee to institute a foreclosure action. [#46-5]. On March 26, 2010, GMAC filed a "Verified Motion for Order Authorizing Sale Pursuant to Rule 120" in the District Court for Jefferson County in Case No. 2010CV1486. [46-6]. Mr. Dlin filed a Response and Objection to GMAC's motion arguing that (1) GMAC was not the Holder in Due Course of his Note and Deed of Trust; (2) Mr. Dlin was notified that GMAC was the Holder in accordance with the Real Estate Settlement Procedures Act (RESPA); (3) GMAC violated the Truth in Lending Act (TILA); and (4) GMAC violated the Colorado Consumer Credit Code. [#46-7]. Mr. Dlin amended his response on May 24, 2010 to argue that because the Mortgage Electronic Registration System ("MERS") was designated as the nominee pursuant to the Deed of Trust, the Deed and Note became separated and both instruments are now nullities. [46-8].

On the same day that Mr. Dlin filed his amended response in the District Court for Jefferson County, he also filed his complaint in this Court [1]. Mr. Dlin asserts nearly identical arguments in his Complaint here as he did in his amended response in state court. *See Id.* A hearing was conducted in the Jefferson County District Court on April 15, 2010, and on May 27, 2010 the state court granted an Order Authorizing Sale, finding that Mr. Dlin was in default. [#46-11]. The foreclosure sale was held on July 28, 2010, and GMAC purchased the property at the sale with a bid of $477.000. [#46-13]. GMAC filed a Return of Sale with the state court [#46-14] on August 19, 2010, and the Order Approving Sale was issued on August 23, 2010

[#46-15]. The Jefferson County Public Trustee issued a Confirmation Deed on August 27, 2010 that identified GMAC as the current owner of the property. [#46-16].

**Standard**

Recommendation of the Magistrate Judge

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* To be proper, an objection must be both timely and specific. *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is timely if it is filed within fourteen days of the issuance of the Magistrate's recommendation. Fed. R. Civ. P. 72(b)(2). To preserve an issue for *de novo* review, the objection must be specific enough to "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060. The Federal Magistrates Act does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

*Pro Se* Plaintiff

When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim

could be based…conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Motion for Summary Judgment

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

**Conclusions**

Although Mr. Dlin's complaint is titled "Plaintiffs Complaint for Fraudulent Foreclosure and Slander of Title," [#1] Mr. Dlin only makes allegations that relate to his claim for fraudulent foreclosure and does not address the claim for slander of title. *Id.* Mr. Dlin argues that GMAC does not properly own the original note and lacks proper standing to foreclose on his property.

*Id.* at ¶8-10, 15.  Mr. Dlin requests that the Court dismiss the state court action and "award damages as the Court so deems."  *Id.* at 6.

As discussed above, Mr. Dlin is involved in another action in state court involving the foreclosure on his property and his objection thereto.  GMAC argues that the *Rooker-Feldman* doctrine applies in this case and operates as a subject-matter jurisdictional bar.  Arising out of two Supreme Court case, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the *Rooker-Feldman* doctrine prevents federal district courts from hearing appeals from a state court's final judgment.  A party who loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court."  *Guttman v. Khalsa*, 401 F.3d 1170, 1173 (10th Cir. 2005) (internal citations omitted).  *Rooker-Feldman* also "forbids a district court from entertaining claims 'inextricably intertwined with a state court judgment."  *Id.*  This doctrine, however, only applies when a suit is filed in federal court *after* state proceedings are final.  *Id.* at 1032.

On the record before the Court it is unclear whether or not state proceedings are completed and final.  As Judge Krieger wrote in *Beeler Properties, LLC v. Lower Enterprises*, "given the nature of the Colorado foreclosure process, it is difficult to determine when the rights of the parties are completely determined.  It could be at the time of the sale, expiration of the redemption periods, upon issuance of an order confirming the sale, or upon issuance of a Trustee's Deed."  2007 WL 1346591, *3 (D. Colo. May 7, 2007).  Here, Mr. Dlin filed this case on May 24, 2010, but the foreclosure sale of his property was not held until July 28, 2010.  Therefore, at the time the complaint was filed the state foreclosure process, by most any measure, was not yet complete.  Thus, the *Rooker-Feldman* doctrine does not apply to this case.

However, GMAC also argues that if *Rooker-Feldman* does not apply, the Court should abstain under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires that federal courts not "interfere with proceedings by granting equitable relief – such as injunctions of state proceedings…when a state forum provides an adequate venue for relief. The Younger abstention is non-discretionary; the district court must abstain once conditions are met, absent extraordinary circumstance." *Weitzel v. Division of Occupational & Prof. Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (internal citations omitted). The conditions that must be met for Younger abstention to apply are when "(1) there is an ongoing state, criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. State Bd. Of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Looking to the *Amanatullah* elements, it is clear the Younger abstention doctrine applies here. There is, by Mr. Dlin's own admission, an ongoing state court civil proceeding. There is no evidence, and Mr. Dlin has made no argument in his objection, that the state court is not an adequate forum to hear his claims. Finally, this Court agrees with Magistrate Judge Boland and the court in *Beeler* that "actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law." *Beeler*, 2007 WL 1346591 at *1.

This Court agrees with the conclusions reached by Magistrate Judge Boland. Therefore, this Court must abstain and may not interfere with the ongoing state court proceeding. Mr. Dlin cannot seek to set aside the foreclosure in this Court.

**Order**

Accordingly, the Recommendation of Magistrate Judge Boland [#55] is AFFIRMED and ADOPTED.  Defendant's Motion for Summary Judgment [#46] is GRANTED.  This case is dismissed without prejudice.

DATED this 30th day of April, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge